Ok UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IAN BURTON, | : | |
| Petitioner, | : | Civil Action No. 16-1127 (MAS) |
| v. | : | **MEMORANDUM AND ORDER** |
| STEVEN JOHNSON, et al., | : | |
| Respondents. | : | |

*Pro se* Petitioner Ian Burton, a prisoner confined at the New Jersey State Prison in Trenton, New Jersey, seeks to file a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Petitioner neither prepaid the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor submitted a complete application to proceed *in forma pauperis* ("IFP") that contains an affidavit of indigence with a certification by an authorized official at his place of confinement certifying Petitioner's institutional account for the preceding six months, as required under L.Civ.R. 81.2(b). Although Petitioner's cover letter states that "an institution check in the amount of $5.00 have (sic) been enclosed herein" (ECF No. 1-3 at 1), no check was actually received by the Court.

**IT IS** therefore on this 1st day of March, 2016,

**ORDERED** that the Clerk shall administratively terminate this case; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally);

*Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs[.]"); it is further

**ORDERED** that the Clerk of the Court shall supply to Petitioner a blank form Application to Proceed *In Forma Pauperis* in a Habeas Corpus Case (DNJ-PRO-SE-007-B.pdf), for use by a prisoner; it is further

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, in a writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Room 2020, Trenton, New Jersey 08608, within 30 days of the date of entry of this Memorandum and Order; Petitioner's writing shall include a complete, signed habeas petition on the appropriate form, and either: (1) a complete *in forma pauperis* application, including a signed affidavit of indigence with a certification of Petitioner's institutional account, as required by Local Civil Rule 81.2(b), or (2) the $5 filing fee; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

/s/ Michael A. Shipp
_____
**Michael A. Shipp**
United States District Judge