## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IAN BURTON, | : | |
| Petitioner, | : | Civil Action No. 16-1127 (MAS) |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| STEVEN JOHNSON, et al., | : | |
| | : | |
| Respondents. | : | |

This matter comes before the Court on a Petition for a Writ of Habeas Corpus filed by Petitioner Ian Burton, for relief under 28 U.S.C. § 2254. At this time, the Court must screen the Petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts. It appearing:

1. Although Petitioner provides information regarding two different convictions and sentences in the Petition, for Indictment Nos. 95-02-0213 and 95-06-0984, (Pet. 1, ECF No. 1), the Petition's two grounds for relief both address the sentence imposed for Count II of Indictment No. 95-06-0984. Ground I alleges that "the sentencing court erred when it failed to resentence[] defendant in open court on count two of Indictment # 95-06-0984," and Ground II alleges that "the sentencing court erred . . . by imposing a Graves Act mandatory extended term and a discretionary extended sentence in the same sentencing proceeding on count two of Indictment 95-06-0984." (Pet. 7, 9.) As such, the Court construes the Petition as challenging the sentence for Indictment No. 95-06-0984, herein referred to as "the Sentence," only.

2. This is not the first federal habeas petition Petitioner has filed with regard to the Sentence. Petitioner filed a habeas petition challenging the Sentence in *Burton v. Hendricks*, No. 03-1102 (D.N.J. filed Mar. 7, 2003) ("Prior Petition"). The Prior Petition addressed a conviction and

sentence that corresponded to the state appellate case number A-6963-96T4, (*see* Op. 2 n.1, June 30, 2004, Prior Pet., ECF No. 16). Although it is not clear from the prior opinion that case number A-6963-96T4 was related to Indictment No. 95-06-0984, a subsequent state court decision addressing Petitioner's request to correct the sentence made clear that case number A-6963-96T4 was the direct appeal of Indictment No. 95-06-0984. *See Burton v. N.J. Dep't of Corr.*, 2006 WL 987038, at *1 (N.J. Super. Ct. App. Div. Apr. 17, 2006) (stating that the appellate case number A-6969-96T4 was the direct appeal of I-95-06-984). Thus, the Court finds that the Prior Petition was a habeas challenge of the Sentence.

3. Title 28, Section 2244(b)(2) of the United States Code states that "a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless certain enumerated conditions are met. 28 U.S.C. § 2244 (b)(2). However, before a district court can entertain such a petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3); *see also* Rules Governing § 2254 Cases, Rule 9. "When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Brand v. New Jersey*, No. 15-3206, 2015 WL 2353123, at *2 (D.N.J. May 14, 2015) (quoting *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)). As there is no allegation that Petitioner has obtained the necessary permission to file the instant Petition, this Court is without jurisdiction to adjudicate it. The only remaining question is whether to transfer the Petition to the Third Circuit or to dismiss it.

4. The Court finds transfer futile. Section 2244(b)(2) only allows a second or successive petition if (1) "the applicant shows that the claim relies on a new rule of constitutional law, made

retroactive to cases on collateral review by the Supreme Court, that was previously unavailable";
or (2) "the factual predicate for the claim could not have been discovered previously through the
exercise of due diligence[.]" 28 U.S.C. § 2244(b)(2). Here, both claims in the Petition challenge
sentencing decisions by the state court that occurred on February 11, 1999. (*See* Pet. 8, 10.) Given
that the Prior Petition was not filed until March 7, 2003, Petitioner could have easily raised these
claims in the Prior Petition, but he did not. In fact, Petitioner failed to do so in that case even after
Judge Stanley R. Chesler issued a *Mason* order advising him of his obligation to raise all of his
claims challenging the Sentence in one all-inclusive petition. (Order, Mar. 26, 2003, Prior Pet.,
ECF No. 1.) Since the instant Petition presents claims that rely on neither a new rule of
constitutional law nor any facts that could not have been discovered previously, § 2244(b)(2)
would require its dismissal, making it unlikely that the Third Circuit would grant Petitioner
permission to file such a petition. Accordingly, transfer to the Third Circuit would be futile, and
the Court dismisses the Petition for lack of jurisdiction.

Dated: 4/4/16

**Michael A. Shipp, U.S.D.J.**